sUNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSE KOLLY,

        Petitioner,

                                   Civil No. 25-cv-12579

v.

                                   Hon. Mark A. Goldsmith

FREDEANE ARTIS,

        Respondent.

_____/

## **OPINION & ORDER DENYING MOTION TO STAY (Dkt. 5) AND DISMISSING THIS PROCEEDING**

Petitioner Jesse Kolly is imprisoned at the Thumb Correctional Facility in Lapeer, Michigan. He filed a document with the Court titled "Exparte Motion to File Protective Petition to Stay and Abey 12-Month Toll Clock and Proceedings with Memorandum of Law Incorporated Therein," which was docketed as a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Mot. at PageID.1 (Dkt. 1). Petitioner requests to stay the case and hold the petition in abeyance while he exhausts his state-court remedies. Id. Petitioner subsequently filed a duplicative motion requesting the same relief (Dkt. 5). The Court has granted his application to proceed in forma pauperis. For the reasons set forth below, the Court will deny the motion to stay and dismiss this action without prejudice.

### I.    BACKGROUND

Petitioner's pleading does not indicate the cause of his incarceration. Mot. at PageID.1. He states that the Michigan Supreme Court denied his application for leave to appeal on December 26, 2024, initiating the start of the limitations period. He asks the Court to toll his

habeas petition for 60 days while he prepares and files a "Motion for Reissuance of Appellate Rights under MCR 6.428." Id. at PageID.2. Petitioner requests that the Court enter an order staying the case while he exhausts his claims in the state courts. He does not state the claims that he intends to raise on habeas review. Id. PageID.2–3.

## II. ANALYSIS

Upon the filing of a habeas corpus petition, a court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 Cases. If the court determines the petitioner is not entitled to relief, the court shall summarily dismiss the petition. McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

A habeas petition filed under § 2254 must:

> (1) specify all the grounds for relief available to the petitioner,
>
> (2) state the facts supporting each ground,
>
> (3) state the relief requested,
>
> (4) be printed, typewritten, or legibly handwritten, and
>
> (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

§ 2254 Rules, Rule 2; see also Gray v. Netherland, 518 U.S. 152, 162–163 (1996) ("[F]or purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief."). "Notice pleading" is not sufficient. See § 2254 Rules advisory committee's note to Rule 4; Mayle v. Felix, 545 U.S. 644, 655 (2005) (observing that Rule 2 is "more demanding" than Civil Rule 8(a)).

2

A petitioner may, in limited circumstances, file a protective federal habeas petition and request that the habeas court stay his action and hold the petition in abeyance while he exhausts his claims in state court. See Pace v. DiGuglielmo, 544 U.S. 408, 416–417 (2005). Such a stay is only appropriate, however, if the petitioner shows: (1) good cause for his failure to exhaust; (2) that his unexhausted claims are not plainly meritless; and (3) that there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. Rhines v. Weber, 544 U.S. 269, 277–278 (2005).

Petitioner is not entitled to a stay of the proceedings. First, Petitioner has not filed an actual petition for writ of habeas corpus, thus, there is no petition to hold in abeyance. See, e.g., Hall v. Trierweiler, Case No. 16-cv-10126, 2016 WL 3611887, at *1–2 (E.D. Mich. July 6, 2016) (declining to construe motion to hold habeas petition in abeyance as a petition for writ of habeas corpus); Plitt v. On Habeas Corpus, 1:07-CV-00341, 2007 WL 1412048, *1 (E.D. Cal. May 11, 2007).

Second, Petitioner's motion cannot serve as the equivalent to a petition for writ of habeas corpus, particularly because he does not specify which conviction, if any, that he is challenging or state what issues that he wishes to raise. Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts sets forth several requirements for a petition under that statute. Among the requirements is that a habeas petition must specify all the grounds for relief available to the petitioner and state the facts supporting each ground. See, e.g., Socha v. Boughton, 763 F.3d 674, 683 (7th Cir. 2014) (holding that petitioner's request for an extension of time for filing could not serve as the actual petition for a writ of habeas corpus where it focused exclusively on the need for more time and did not specify any grounds justifying relief); Warren v. Harrison, 244 F. App'x. 831, 832 (9th Cir. 2007) (affirming district court's finding that neither

petitioner's motions for extension of time nor appointment of counsel constituted a petition for writ of habeas corpus); Jones v. Skipper, No. 19-2413, 2020 WL 7212383, at *2 (6th Cir. July 17, 2020) (declining to construe letter as a petition for habeas corpus because it failed to specify any grounds for relief).

Finally, even if Petitioner's motion could be construed as a protective petition, the Court declines to stay the proceedings and hold the petition in abeyance. Petitioner does not identify the claims that he intends to raise in either his petition or on collateral review. The Court concludes that there is no reason to stay the petition as Petitioner has not provided facts from which the Court could determine the merit of the claims. Thus, Petitioner's request for a stay of proceedings is denied and this petition is dismissed without prejudice.

In order to appeal this Order, Petitioner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Although a federal district court may grant or deny a certificate of appealability if it issues a ruling on the habeas petition, Castro v. United States, 310 F.3d 900, 901 (6th Cir. 2002), it "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," § 2254 Rules, Rule 11(a) (emphasis added).

Petitioner will be denied a certificate of appealability because he has not demonstrated "that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right" or "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Wright v. Shaver, 606 F. Supp. 3d 724, 732 (E.D. Mich. 2022) .

### III. CONCLUSION

Accordingly, Petitioner's motion to stay (Dkt. 5) is denied and the proceeding (Dkt. 1) is summarily dismissed without prejudice.

4

Further, Petitioner is denied a certificate of appealability.

This is a final order and closes the above-captioned case.

SO ORDERED.

Dated: November 26, 2025　　　　　　　　　　s/Mark A. Goldsmith
Detroit, Michigan　　　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　United States District Judge